UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SODEXO OPERATIONS, LLC )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>) Civil Action No. 2:17-CV-07077-JFB-AKT<br>FACULTY STUDENT ASSOCIATION )<br>OF THE STATE UNIVERSITY OF )<br>NEW YORK AT STONY BROOK, INC. )<br>)<br>*Defendant.* )<br>) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, the parties having agreed to the following terms of confidentiality, and the Court enters the following Protective Order ("Order") limiting the disclosure and use of certain discovered information as hereinafter provided.

IT IS HEREBY ORDERED THAT: any person subject to this Order – including without limitations the parties to this action, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

**Designation of Confidentiality**

1.  Any information of any kind, whether in documents, testimony, or any other form, provided in the course of this action ("Discovery Material"), that is produced or disclosed by a party or non-party (the "Producing Party") in this action (the "Action") may be designated as

1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" (collectively, "Protected Information"):

    (a)    Designation as "CONFIDENTIAL": The Producing Party may designate material as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, such material: (i) could be potentially prejudicial to the business or operations of such Producing Party; (ii) includes the sensitive personal information, including, for example, private details such as social security numbers, financial information, home addresses, personal email addresses, or personal telephone numbers, (iii) includes confidential business information, including for example, non-public financial, customer or commercial information, or other information that the Producing Party believes in good faith to be entitled to protection under F.R.C.P. 26(c)(1)(G); (iv) includes information the Producing Party is contractually or legally obligated to keep confidential; or (v) any other category of information hereinafter given confidential status by the Court.

    (b)    Designation as "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY": Any Producing Party may designate material as "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel: (i) the material is considered to be highly sensitive by the Producing Party, including but not limited to trade secret or other confidential financial, proprietary information, or highly sensitive commercial information; and (ii) the unrestricted disclosure of such material is

likely to be prejudicial to the business, operations or legal interests of such Producing Party.

(c) Any person receiving Discovery Material (the "Receiving Party"), shall not use or disclose the Protected Information except for the purposes of this Action as set forth in this Order or by such orders as may be issued by the Court during the course of this Action. The provisions of this Order extend to all designated Protected Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a party in response to or in connection with any discovery conducted in this Action, and any copies, notes, abstractions or summaries of the foregoing.

**Designation of Discovery Material as Confidential**

2. Documents and information may be designated as Protected Information within the meaning of this Order in the following ways:

(a) <u>Documents</u>. The Producing Party or that party's counsel may designate such portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" by stamping or otherwise clearly marking as such the Protected Information in a manner that will not interfere with legibility or audibility.

(b) <u>Depositions</u>. Deposition testimony and the transcripts and video recordings of depositions and/or exhibits thereto, conducted during pretrial discovery, shall be

3

treated as "HIGHLY CONFIDENTIAL" for a period of twenty-one (21) days, or for as many days as the parties shall agree, after receipt of such deposition transcripts and/or video recordings to allow time for counsel of the Producing Party, the witness producing such information, or counsel for the witness, or any party or non-party or its counsel, to notify all parties of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" designations. Such designations shall include the transcript page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Protected Information may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" at the deposition by making a statement for inclusion in the deposition transcript.

(c) <u>Interrogatory answers and responses to requests for admissions</u>. Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY," as applicable. In addition, counsel for the Producing Party will place the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" legend on the front page of any set of interrogatory answers or responses to requests for admission containing Protected Information, together with a legend stating, "Designed parts are not to be used, copied or disclosed except as authorized by Court Order."

  (d) <u>Electronic Data.</u> "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information files, databases or programs stored on any digital or analog machine-readable device, computers, drives, CD's, DVD's, discs, networks or tapes; collectively, "Media"). Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" in a cover letter identifying the information generally. When feasible, counsel for the Producing Party will also mark the Media with the appropriate designation. Whenever any party to whom Electronic Data designated as ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided in 2(a) above. Whenever Electronic Data designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY."

To the extent that any party or counsel for any party creates, develops or otherwise establishes Media that contains information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY," that party and its counsel must take all necessary steps, including but not limited to appropriate ethical walls or information barriers, to ensure that access to that Media is properly restricted to those persons who, by the terms of this Order, may access the Protected Information.

3. In the case of Discovery Material produced by a non-party to this case, a Party shall notify all counsel of record in writing within five business days after receipt of the specific Discovery Material to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" by that Party.

4. If at any time prior to the trial of this Action, a Producing Party realizes that some portion(s) of Discovery Material previously produced without limitation by that party should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY," he may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" under the terms of this Order. In addition, the Producing Party shall provide each other party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" designation within five (5) business days of providing such notice.

**Permissible Uses of Confidential Information**

5. Protected Information shall not be used by the Producing Party, Receiving Party or any person authorized by the terms of this Order to access the such material for any purpose other than prosecuting, defending or settling this Action, and may not be used in any other action or proceeding.

**Disclosure of Information Designated as "CONFIDENTIAL"**

6. No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "CONFIDENTIAL" to any other person whomsoever, except to:

   (a) the parties to this Action and, with respect to Discovery Material designated as "CONFIDENTIAL" that was produced by a non-party, also to such non-party;

   (b) counsel retained specifically for this Action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   (c) as to any document, its author, or its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (d) any witness called to testify at deposition or any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action and those persons working under their direction and control, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (f) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation sys-

    tem provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(g) the Court, the relevant U.S. appellate court(s), and Court's personnel, jurors, alternate jurors, and qualified persons recording, taking or transcribing testimony or argument at any deposition hearing, trial or appeal in this Action.

7. Prior to any disclosure of any Discovery Material designated as "CONFIDENTIAL" to any person referred to in Subparagraphs 6 (c), (d), (e), and (f) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form executed as an Exhibit hereto stating that the person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or if a good faith reason shall exist for opposing counsel to request it, or if the Court should order its production or at the conclusion of the case, whichever comes first.

8. Nothing in this Order shall prevent the Producing Party from using Discovery Material designated as "CONFIDENTIAL" that they produced in any way that they so choose.

**Disclosure of Information Designated as "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY"**

9. Access to material designated as "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" pursuant to this Order shall be limited to: (i) persons described in Paragraph 6(b); (ii) persons described in Paragraph 6(c); (iii) persons described in Paragraph 6(e) provided that the party seeking to disclose such material to a person described in Paragraph 6(e) must obtain written consent from the Producing Party. Access to information designated as

8

"HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" shall not be given, shown, made available, communicated, or otherwise disclosed to any other person.

**Filing Under Seal**

10. All Protected Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Information, shall be filed under seal with the Clerk of the Court, according to such local procedures as are available to seal, and shall be kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing, and the Court retains discretion whether to afford confidential treatment to any Protected Information filed with the Court. No party or other person may have access to any sealed documents from the files of the Court without an order of the Court.

**Challenges to Confidential Designations**

11. Any party who objects to any designation of confidentiality may at any time prior to the trial of this Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection within fourteen (14) days of receipt of the material. Counsel for the Producing Party shall respond in writing to such objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY." Thereafter, the parties shall meet and confer in good faith in an effort to resolve the dispute. If agreement cannot be reached promptly, the parties may seek a ruling from the Court.

**Inadvertent Disclosures**

12. Each person who has access to Protected Information by the terms of this Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9

13. The inadvertent or unintentional disclosure by the Producing Party of Protected Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Protected Information, the Producing Party shall within thirty (30) days designate such information as 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY."  The obligation to treat such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" shall run prospectively from the date of designation.  Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in Paragraph 11.

**Waiver of Privilege**

14. The inadvertent production or disclosure of any document, material or information subject to a claim of attorney-client privilege, attorney work product protection or any other applicable privilege against disclosure ("Inadvertently Disclosed Information") shall not constitute or be deemed a waiver or forfeiture, in whole or in part, of any claim of such privilege with respect to the Inadvertently Disclosed Information and its subject matter.

15. Upon written request of the Producing Party that made the inadvertent disclosure, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege within a reasonable time after receiving notice of

the inadvertent disclosure.  The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent disclosure.

**Procedures Upon Termination of the Action**

16.     This Order shall survive the termination of this Action.  Within 21 days of the final disposition of this Action, the Receiving Party shall promptly return to the Producing Party, or, upon permission of the Producing Party, destroy, all Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: RESTRICTED ATTORNEYS EYES ONLY" including copies. Notwithstanding this provision, counsel for the parties, other than those described in Paragraph 9 are entitled to retain archival copies of all pleadings, written discovery requests and responses, motion papers, deposition transcripts, legal memoranda, correspondence, depositions and trial exhibits, expert reports, attorney work product and consultant and expert work product, even is such materials contain Protected Information.  Any such archival copies that contain or constitute Protected Information remain subject to this Order.

17.     During the pendency of this Action only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Miscellaneous**

18.     This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.

11

There are no intended beneficiaries of this Stipulation and Order other than the parties to this Action and the Court, and no other person shall acquire any right thereunder.

19. Any person in possession of Protected Information, who has received a copy of this Order, and who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks information or other disclosure of such Protected Information, shall promptly and in any case within two (2) business days give telephonic notice and written notice by overnight delivery, email or facsimile to counsel for the Producing Party who designated the materials as Protected Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The person receiving the subpoena shall also inform the person seeking the Protected Information that such information is subject to this Protective Order. Notwithstanding this provision, no information shall be provided pursuant to such entity pursuant to this paragraph, unless this Court orders the production of such information after notice and hearing.

20. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

SO ORDERED.

Dated: Central Islip, New York
April __, 2018

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
|                                              |   )
| SODEXO OPERATIONS, LLC                       |   )
|                                              |   )
|     *Plaintiff,*                             |   )
|                                              |   )
|     v.                                       |   )
|                                              |   )   Civil Action No. 2:17-CV-07077-JFB-AKT
| FACULTY STUDENT ASSOCIATION                  |   )
| OF THE STATE UNIVERSITY OF                   |   )
| NEW YORK AT STONY BROOK, INC.                |   )
|                                              |   )
|     *Defendant.*                             |   )
|_____|   )

## **NON-DISCLOSURE AGREEMENT**

I, _____ (insert name, business title, and employer), state: that I reside at _____, in the City of _____, State of _____, Country of _____; that I have read and fully understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Protected Information. I agree that I will not use or disclose such Protected Information to anyone other than for purposes of this Action and that at the conclusion of the Action I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation

2

of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____
                                      Signature